IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


TARA REED                                                                                              PLAINTIFF


V.                              CASE NO.  4:11CV00891 JMM


ARKANSAS CHILDREN'S HOSPITAL, ET AL.                                      DEFENDANTS


ORDER

Pending before the Court is Defendant Danny O'Kelly's Motion to Dismiss (#18).  For the reason stated below, the motion is granted (#18).

Plaintiff brings this law suit against Arkansas Children's Hospital, Danny O'Kelly, and Justin Williams contending that she was subjected to gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

In his Motion to Dismiss Plaintiff contends that the claims against him should be dismissed because individuals are not "employers" under federal discrimination laws and thus are not proper defendants in Title VII discrimination suits.

When analyzing a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the nonmoving party.  *Ritchie v. St. Louis Jewish Ligfht*, 630 F.3d 713, 715-16 (8th Cir. 2011).   "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.' " *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "A claim has facial plausibility

when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940121 f3d 446

, 173 L.Ed.2d 868 (2009).

The allegations in the Complaint are that Defendants terminated Plaintiff's employment because of her gender. Defendant O'Kelley is not named, nor or any allegations made against him, in the body of the complaint, and he is not listed as Plaintiff's employer on the EEOC charge.

The Court finds that Defendant O'Kelly should be dismissed because individuals who are not employers are not liable under Title VII. *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998) (liability under Title VII borne by employers, not individuals); *Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.*, 121 F.3d 446, 447 (8th Cir.1997) (supervisors may not be held individually liable under Title VII).

IT IS SO ORDERED THIS   13    day of  February , 2012.

James M. Moody
United States District Judge